**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL DANIEL LOISEL,<br><br>Defendant. | Case No. 2:16-cr-00058-APG-VCF<br><br>**ORDER GRANTING IN PART § 2255 MOTION AND GRANTING MOTION TO APPOINT COUNSEL**<br><br>(ECF Nos. 34, 40) |

Defendant Paul Daniel Loisel moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 34. Loisel was charged in a 34-count indictment with multiple counts of interference with commerce by robbery under 18 U.S.C. § 1951 and possession of a firearm during, in relation to, and in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A). ECF No. 1. He also was charged with one count of discharge of a firearm during, in relation to, and in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A). *Id.* Loisel faced a mandatory minimum sentence of 407 years if convicted on all charges. ECF No. 24 at 11.

The parties entered into a binding plea agreement under Federal Rule of Criminal Procedure 11(c). ECF No. 24. Under the plea agreement, Loisel pleaded guilty to counts one, three, eleven, sixteen, nineteen, and twenty-one of the indictment, and the parties stipulated to a 300-month sentence. *Id.* (five counts of interference with commerce by robbery and one count of discharge of a firearm). The Government agreed to dismiss the remaining charges. *Id.* Loisel agreed not to request a sentence below 300 months. *Id.* at 12.

At Loisel's change of plea hearing, he denied that he had recently been diagnosed with any mental illness. ECF No. 32 at 10. Neither counsel for the Government nor Loisel's counsel doubted Loisel's competency to plead guilty. *Id.* I did not observe any basis to question Loisel's competency. *Id.* at 11. Loisel stated under oath that he understood the charges against him, the rights he was waiving by pleading guilty, and that if I accepted the parties' binding plea

1  agreement, I would sentence him to 300 months' imprisonment. *Id.* at 14-18, 32. Loisel also stated he was knowingly and voluntarily waiving his appeal rights. *Id.* at 28-29.

Prior to sentencing, Loisel's counsel filed a sentencing memorandum, in which he conceded he could not seek a downward departure or variance. ECF No. 26 at 2. Counsel attached to that memorandum a report by Dr. John Paglini, a licensed clinical psychologist. ECF No. 26 at 3, 8-21. Dr. Paglini concluded Loisel met the criteria for schizoid personality disorder. *Id.* at 15. The sentencing memorandum also pointed out several mitigating factors, including that Loisel had no criminal history, no history of substance abuse, and was remorseful. *Id.* at 4. I accepted the parties' plea agreement and sentenced Loisel to a term of 300 months' imprisonment. ECF Nos. 31 at 3; 33.

Loisel raises four[1] grounds in his § 2255 motion: (1) counsel was ineffective for failing to raise a bona fide doubt as to Loisel's competency to enter a guilty plea, (2) the court should have sua sponte ordered a competency hearing, (3) counsel was ineffective for failing to move for a downward departure based on Loisel's schizoid personality disorder, and (4) counsel was ineffective for failing to file a notice of appeal as Loisel requested. Loisel also moves for appointment of counsel to assist him with filing an appeal.

The Government responds that counsel cannot be ineffective for failing to raise meritless arguments, and Loisel's mental disorder does not suggest his plea was involuntary. The Government also notes the parties stipulated to a sentence of 300 months, which bound the court under Federal Rule of Criminal Procedure 11(c)(1)(C). Finally, the Government concedes that Loisel is entitled to file an appeal and it recommends that I vacate the original sentence and re-impose it, thus retriggering the 14-day appeal deadline.

**A. Competency Hearing**

"A defendant has a due process right not to be tried while incompetent." *Stanley v. Cullen*, 633 F.3d 852, 860 (9th Cir. 2011). "Competence is defined as the ability to understand the proceedings and to assist counsel in preparing a defense." *Miles v. Stainer*, 108 F.3d 1109, 1112

---

[1] Loisel numbers his claims as only two grounds, but he raises four within his motion.

(9th Cir. 1997) (citing *Dusky v. United States*, 362 U.S. 402 (1960)); *see also McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th Cir. 2008) (stating that competency means the defendant had "an ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him" (quotation omitted)). The defendant must be competent throughout the proceedings, including sentencing. *United States v. Dreyer*, 705 F.3d 951, 961 (9th Cir. 2013).

A district court has a statutory duty to "order . . . a [competency] hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). When all of the evidence before the court "raises a bona fide doubt about the defendant's competence to stand trial, a trial judge must sua sponte conduct an evidentiary hearing." *McMurtrey*, 539 F.3d at 1118 (quotation omitted). "The record raises a question as to the defendant's competence if there is substantial evidence that, due to a mental disease or defect, the defendant is either unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Dreyer*, 705 F.3d at 961 (quotation omitted). The court may consider factors such as the defendant's behavior; his past mental health history; whether he is taking medication; expert opinions; defense counsel's evaluation of his client; and the judge's own observations, including the defendant's ability to intelligently answer questions. *See, e.g.*, *Stanley*, 633 F.3d at 860-61; *McMurtrey*, 539 F.3d at 1125-26.

The "level of competency mandated by due process does not vary based on the specific stage of the criminal proceeding," but "the defendant's ability to participate or assist his counsel must be evaluated in light of the type of participation required." *Dreyer*, 705 F.3d at 961. Thus, a "defendant is not competent to plead guilty if a mental illness has substantially impaired his ability to make a reasoned choice among the alternatives presented to him and to understand the nature and consequences of his plea." *de Kaplany*, 540 F.2d at 985. Competence at sentencing requires that the defendant, "among other things," is "able to understand the nature of the

proceedings and participate intelligently to the extent participation is called for," including his right to allocute. *Dreyer*, 705 F.3d at 961.

Here, the record did not raise a bona fide doubt about Loisel's competence, either when he pleaded guilty or at sentencing. The record contains no evidence that Loisel acted in a manner that suggested he did not understand the nature of the proceedings or that he could not assist in his defense. He has no significant mental health history. ECF No. 26 at 14, 19. Although he had suicidal ideation when he was in middle school due to poor performance in school, he denied any suicidal thoughts later in life. *Id.* at 9-10, 14, 16. There is no evidence he has ever been prescribed medication, hospitalized, or treated for a mental health disorder.

Dr. Paglini's diagnosis of schizoid personality disorder does not raise doubt about Loisel's competence. The diagnosis refers to Loisel's social detachment, but Dr. Paglini specifically mentioned that Loisel was not delusional, paranoid, or depressed, and there was "[n]o evidence of antisocial personality disorder or sociopathy." *Id.* at 10-11, 15-16, 19-20. Dr. Paglini does not suggest Loisel is unable to understand the nature of the charges or to assist his attorneys. To the contrary, Dr. Paglini notes that Loisel explained why he committed the robberies and that he expressed remorse for his conduct. *Id.* at 13, 21.

Moreover, my own observations of Loisel indicate that he was competent. At his change of plea hearing, Loisel responded appropriately to a number of questions I asked, including his age, his level of education, and his employment history. ECF No. 32 at 9-10. His counsel assured the court that Loisel was competent to plead guilty and that he understood the charges against him. *Id.* at 10, 14; *see also Stanley*, 633 F.3d at 861 ("Trial counsel's assurances to the court are relevant because a defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings." (quotation omitted)). Loisel indicated he understood the charges against him, the nature of the rights he was waiving by pleading guilty, as well as the binding nature of the parties' plea agreement. ECF No. 32 at 12, 14-18. He stated his attorney had fully explained the plea agreement to him, and he affirmed that he was knowingly and voluntarily waiving his appeal rights. *Id.* at 20, 28-29. When asked if he had any questions, he responded he did not. *Id.*

at 29. When I asked whether Loisel had any further questions before entering his plea, he took that opportunity to discuss something with his attorney. *Id.* at 34. His attorney then stated that his only question was related to a recommendation as to the facility where he would serve his sentence. *Id.* I explained that I could not require the Bureau of Prisons to house Loisel in any particular place, but I could make a recommendation at the time of sentencing. *Id.* at 35. I asked Loisel if he understood that, and he said he did. *Id.* I then asked if he had any other questions, and he responded he did not. *Id.* There is no bona fide doubt that Loisel was fully competent to plead guilty.

He likewise was competent to participate in his sentencing. At that hearing, Loisel again was able to answer questions and indicated he was able to consult with his attorney. ECF No. 33 at 4-5. Additionally, Loisel allocuted articulately. *Id.* at 23-24. His allocution indicates he understood the nature of the charges against him. *Id.*

In sum, although Loisel has schizoid personality disorder, the evidence in the record would not cause a reasonable judge to doubt Loisel's competency to accept a plea agreement or to participate in his sentencing hearing. I therefore had no duty to sua sponte hold an evidentiary hearing. For these same reasons, Loisel's counsel was not ineffective for failing to raise the competency issue. *See Stanley*, 633 F.3d at 862 (stating that "failure to move for a competency hearing violates the defendant's right to effective assistance of counsel when there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency, and there is a reasonable probability that the defendant would have been found incompetent to stand trial had the issue been raised and fully considered" (quotation omitted)). I therefore deny Loisel's § 2255 motion on the basis that counsel should have asked for a competency hearing or that I erred by not sua sponte ordering one.

**B. Ineffective Assistance for Failing to Move for a Downward Departure**

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish a claim for ineffective assistance of counsel under *Strickland*, a defendant "must demonstrate both: (1) that counsel's

performance was deficient, and (2) that the deficient performance prejudiced his defense." *Miles v. Ryan*, 713 F.3d 477, 486 (9th Cir. 2013) (emphasis omitted). To establish deficient performance, the defendant must show "that counsel's performance fell below an objective standard of reasonableness, or was outside the wide range of professionally competent assistance." *Id.* (internal citations and quotations omitted). The analysis is "highly deferential," presumes the challenged conduct might be sound trial strategy, and evaluates the challenged conduct "from counsel's perspective at the time in issue." *Id.* (quotations omitted).

To establish prejudice, the defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the [trial] would have been different." *Id.* at 486-87 (quotation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quotation omitted).

Counsel was not ineffective for failing to move for a downward departure because the plea agreement prohibited him from doing so. Nor can Loisel show prejudice because any such request would have been denied given the binding plea agreement. I therefore deny this portion of Loisel's § 2255 motion.

**C. Denial of Appeal and Motion for Counsel**

A "lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," and if a defendant "explicitly told his lawyer to appeal his case and his lawyer refused," then the defendant is prejudiced because he "lost his chance to file the appeal." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). "If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen." *Id.* at 1198. Either, "the district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed." *Id.* "Or, if the [Government] does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Id.*

The Government does not challenge Loisel's statement that he directed his counsel to file a notice of appeal but his counsel did not do so. Consequently, Loisel has established deficient performance and prejudice. I therefore grant this portion of his § 2255 motion. In terms of remedy, there is no need for an evidentiary hearing because the Government concedes Loisel requested his attorney file the appeal and the attorney failed to do so. Consequently, I vacate and reenter the judgment without a hearing. The fourteen-day period to file a notice of appeal runs from the date of this order. *See* Fed. R. App. P. 4(b)(1)(A). Because the "Due Process Clause guarantees a criminal defendant effective assistance of counsel on his first appeal as of right," I grant Loisel's motion for the appointment of counsel for purposes of his appeal. *Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997).

**D. Conclusion**

IT IS THEREFORE ORDERED that defendant Paul Daniel Loisel's motion to vacate, set aside, or correct sentence **(ECF No. 34) is GRANTED in part**. The motion is granted with respect to Loisel's claim that his counsel was ineffective because he asked counsel to file an appeal and counsel did not do so. The motion is denied in all other respects.

IT IS FURTHER ORDERED that the December 1, 2016 **Judgment (ECF No. 31) is VACATED.** An Amended Judgment will be filed separately.

IT IS FURTHER ORDERED that defendant Paul Daniel Loisel's motion for appointment of counsel **(ECF No. 40) is GRANTED**. The clerk of court is directed to contact the CJA clerk to appoint new counsel for Loisel's appeal.

DATED this 8th day of January, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE